Mrs. Charles Boerman, etc., Petitioner and Appellee-Appellant, *v.* Heirs of Esther Bessie Boerman, Respondents, Appellants-Appellees.

No. 7060. Decided May 25, 1938.

*Mariano Acosta Velarde* and *Federico Acosta Velarde* for respondents.
*E. Ramos Antonini* and *V. Gutiérrez Franqui* for petitioner.

ON MOTION FOR REHEARING

Mr. Justice Wolf delivered the opinion of the court.

As we said in our main opinion of February 4, 1938, the incident involved in this case arose out of the rendition and settlement of the final account in the judicial administration of Charles M. Boerman. Among other things, the lower court had allowed the administratrix certain charges for attorney's fees and expenses. After a study which was rendered quite difficult, by the complicated state of the record, and neces- .sarily relying, as we said, on the greater familiarity and knowledge of the district court with regard to all the documents, etc., and to the judicial administration itself, we arrived at what we considered a proximate and fair decision of the questions before us. The respondents have now filed a motion of reconsideration with several exhibits, to cure the lack of identification of some of the papers found in the transcript of evidence, to disprove the apparent nature and effect of some of the court orders, and in general to correct or clarify as far as possible some of the important items, concerning attorney's fees and court costs, which we, for just such lack of clarity or identification, held in favor of the administratrix.

██ Respondents, as an excuse for having originally failed to do this in their brief, say that inasmuch as in their appeal they questioned the legality in toto, of all the charges with regard to attorney's fees and court costs, such an attack included the validity of each and every individual item of those charges.

Some of the explanations, now made by the petitioners, may tend to support their contentions. However, we do not think that we should at this time enter into a consideration of those items, the incorrectness of which should have been separately assigned as error. The petitioners had their opportunity, and should have anticipated either the present situation or a partial reversal or affirmance of the lower court's decision.

The presumption as to the correctness of the judgment of the lower court, with regard to those items which have only now been specifically questioned, should stand. It is perhaps unfortunate that the petitioners did not specify or detail their objections originally. The majority of those objections depend for their determination on circumstances not truly developed or clearly in the record before us on appeal, and upon deductions not reasonably to be expected from a court of appellate jurisdiction. Litigation must terminate sometime. *Interest reipublicæ ut sit finis litium.* Most of the points now pressed were never set out with precision in the brief on appeal and we ought not to entertain them at this late juncture, especially as such a consideration would involve greater delay in the final settlement of an administration which has already been most interminable.

We realize the hardship under which the present petitioners have been laboring partly because of their absence from this island during the course of most of the administration, but we can not be held responsible for ignoring events or facts which do not clearly appear from the record or the original brief. It is the appellants who must lead us and point to what is true and what is not true. If we are confronted with multiple documents, orders, etc., which the local court has favorably passed upon and no specific objection is made as to them, we feel bound to accept the validity and characterization which the trial court gave them. That is more or less what has happened in this case.

For the reasons above stated, the motion for reconsideration should be denied.